**Affirmed and Memorandum Opinion filed January 28, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00144-CR

**JONATHAN STEVEN GUEVARA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1490487**

## MEMORANDUM OPINION

Appellant Jonathan Guevara appeals his conviction for murder. A jury found appellant guilty and assessed his punishment at 99 years in prison. In two issues, appellant contends that the trial court erred in admitting a video of the murder into evidence in both the guilt/innocence and punishment phases of trial. Appellant contends that the video was not properly authenticated. We affirm.

## *Background*

Appellant was charged with the murder of complainant Hector Diaz. Evidence at trial suggested that appellant and two accomplices were members of one gang while complaint was possibly a member of a different gang. Surveillance video from a nightclub showed the four men together at the nightclub just after 2 a.m. on November 22, 2015, and then leaving together as a group. Another surveillance video from an electronics store not far from the nightclub showed appellant and one of the accomplices shoot complainant in a parking lot with a handgun. In the video, complainant falls to the ground, bleeding profusely, and does not move again. The video contains a date stamp of November 22, 2015 and a time stamp of around 3:19 a.m.

The State attempted to authenticate the electronics store video through the testimony of Detective Sergeant Steven Murdock of the Houston Police Department. Murdock stated that he was investigating at the scene on the night of the shooting and noticed a camera through the front window of the electronics store. The next day, he went back to the store and asked the owner if the camera worked and whether Murdock could see the video footage. Murdock said that the camera worked and the owner permitted him to watch the footage on the owner's computer system. Murdock then asked the owner to copy the video from the date and time of the shooting onto a thumb drive. The owner complied, and when Murdock later viewed the video from the thumb drive, it was exactly the same as the video he had viewed on the store owner's system and contained no alterations or changes. Murdock further testified that Exhibit 55 was a copy of the video with his initials on it and he had watched it again before trial. He averred that Exhibit 55 fairly and accurately depicts the video that he obtained from the electronics store.

Defense counsel objected to the attempted authentication of the video. The

2

trial judge overruled the objection and admitted Exhibit 55 into evidence.

### *Standards of Review*

As stated, appellant contends the trial court erred in admitting the video of the murder into evidence in both the guilt/innocence and punishment phases of trial because the State failed to properly authenticate the video. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Tex. R. Evid. 901. Among other options, authenticity may be established with evidence of "distinctive characteristics and the like," which include "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Tex. R. Evid. 901(b)(4). Video recordings without audio are treated as photographs and are properly authenticated when it can be proved that the images accurately represent the scene in question and are relevant to a disputed issue. *Fowler v. State*, 544 S.W.3d 844, 849 (Tex. Crim. App. 2018).

In a jury trial, it is the jury that ultimately determines whether an item of evidence is what its proponent claims; the trial court need only make the preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Conclusive proof of authenticity before the admission of disputed evidence is not required; Rule 901 merely requires some evidence sufficient to support a finding that the evidence in question is what the proponent claims. *Fowler*, 544 S.W.3d at 848. The standard for admissibility is considered a liberal one. *Id*. at 849. The trial court's determination of whether the proponent has met the threshold requirement is subject to appellate review for an abuse of discretion and should not be reversed

so long as it is within the zone of reasonable disagreement. *Id*. There is no abuse of discretion if the trial court "reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

## *Discussion*

The State contends that the resolution of this case is controlled by the Court of Criminal Appeals opinion in *Fowler*, which issued during the pendency of this appeal. *Fowler* involved the admission of video evidence showing the defendant purchasing certain items that were allegedly used in a burglary, and the receipt for which was found near the stolen property. 544 S.W.3d at 846. A police officer used the receipt to locate the store where the items were purchased and then was able to find the relevant video footage by using the date and time on the receipt. *Id*.

The Court in *Fowler* affirmed the trial court's admission of the store video over an authenticity objection based on circumstantial evidence demonstrating: (1) the officer made an in-person request of the store manager to pull the surveillance video from a specified date and time; (2) the video possessed the distinctive characteristic of having a date and time stamp; (3) the date and time on the video corresponded to the date and time on the receipt that was found near the stolen property; and (4) the video pulled by the manager showed the defendant purchasing the items listed on the receipt. *Id*. at 849-50.

In the present case, evidence demonstrated the following analogous facts: (1) Sergeant Murdock made an in-person request of the electronics store owner to see video from a specific date and timeframe; (2) the video possessed the distinctive characteristic of having a date and time stamp; (3) the date and time on the video was within approximately an hour of the time video was taken at a nightclub not far from the electronics store showing complainant, appellant, and

4

two accomplices of appellant leaving together; and (4) the video pulled by the store owner showed appellant shooting complainant in the parking lot where the murder occurred. We agree with the State that under *Fowler*, the evidence presented was sufficient to authenticate Exhibit 55. While the State certainly could have done more—such as presenting testimony from the store owner concerning the workings and maintenance of the video equipment—the State supplied evidence sufficient to support a jury determination that the video was authentic. *See id.* (noting the State could have done more to authenticate the video). Accordingly, the trial court's determination was within the zone of reasonable disagreement. We therefore overrule appellant's two issues.

We affirm the trial court's judgment.

/s/ Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5